IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KRIS LATCHFORD,<br>    Plaintiff<br><br>v.<br><br><br>AT&T UMBRELLA BENEFIT<br>PLAN NO. 1, and SEDGWICK<br>CLAIMS MANAGEMENT<br>SERVICES, INC.,<br>    Defendants | CIVIL ACTION NO.<br>5:18-cv-1170 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Kris Latchford complains that Sedgwick Claims Management Services, Inc., fiduciary of the AT&T Umbrella Benefit Plan No. 1 wrongfully denied his claim for long-term disability (LTD) benefits.

### I. PARTIES

1. Plaintiff Kris Latchford is a resident of San Antonio, Bexar County, Texas.

2. Defendant AT&T Umbrella Benefit Plan No. 1 ("Plan") is the ERISA plan that is obligated to pay the LTD benefits owed to Latchford. The plan can be served by serving the Plan Administrator AT&T Services, Inc., P.O. Box 132160, Dallas, Texas   75313-2160.

3. Defendant Sedgwick Claims Management Services, Inc. is the named fiduciary responsible for conducting the full and fair review of denied disability claims and paying or withholding disability benefits. Sedgwick can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

## II. JURISDICTION AND VENUE

4. Latchford was covered under the Plan, which provides disability benefits, in consideration for his work for AT&T. This lawsuit is based upon Sedgwick's denial of Latchford's claim for LTD benefits under the Plan. Sedgwick is the third-party administrator and appointed fiduciary for the AT&T Plan that conducts the full and fair review of denied claims and makes the final decision on benefit claims. This court has jurisdiction over this claim for wrongful denial of disability benefits under 29 U.S.C.A. 1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as Sedgwick and the AT&T Plan's payment obligations under the Plan are to Latchford at his home in San Antonio, Bexar County, Texas.

## III. STATEMENT OF FACTS

5. Latchford was employed as a premises technician for AT&T. He installed internet and television systems in customer's homes. His job could be physically demanding, sometimes requiring him to lift up to 80 pounds and climb ladders, crawl, kneel, stoop, work outdoors and work in confined spaces.

6. Due to severe pain in both hips caused by osteoarthritis, Latchford could no longer perform the requirements of his job after September 3, 2016. He submitted a claim for short-term disability (STD) benefits with Sedgwick and was promptly approved. Latchford underwent bilateral hip replacement in early December 2016.

7. As a result of continued pain and numbness in his legs and feet due to peripheral neuropathy, as well as imbalance and progressive weakness, Latchford was unable to return to work. The peripheral neuropathy progressed to his hands, causing numbness and pain in his hands and arms. He underwent electrodiagnostic studies that confirmed severe bilateral lower limb polyneuropathy.

8. Under the Plan, if employees remain disabled they can receive STD benefits for up to one year. If they are unable to return to work after a year, they transition to LTD benefits. The Plan's definition of disability for STD benefits is an "own occupation" definition, that is, that the employee can't perform his or her previous occupation. The Plan's definition of disability for LTD benefits is an "any occupation" definition, that is, that the employee cannot engage in any full-time occupation for which he or she is qualified or could reasonable become qualified.

9. Since Latchford remained disabled, he was paid STD benefits for one year, from September 3, 2016 until September 11, 2017. Since he couldn't return to work when his STD benefits expired in September 2017 he applied for LTD

benefits. Sedgwick denied his LTD claim. Sedgwick acknowledged that Latchford had physical limitations but contended that by September 2017 he could engage in full-time work as a clerk or dispatcher.

10. Latchford timely appealed. He advised Sedgwick that he had severe neuropathy in his legs, feet, and hands. He described his neuropathy pain as excruciating. Narratives from his treating physicians were also provided that supported his continued disability. His neurologist, Richard Neiman, M.D., stated that a "complete nuerological work-up was performed to include MRI's, laboratory testing, NCV/EMG and lumbar puncture testing" and the testing "revealed…Chronic Inflammatory Demyelinating Neuropathy." Dr. Neiman recommended that Latchford "start IVIG (Intravenous Immunoglobulin) treatment as soon as possible for disease management." Further, Dr. Neiman stated that "given his diagnosis and progressive symptoms, I have advised him to go on long-term disability."

11. Despite the clear evidence that Latchford remained disabled from any full-time occupation, Sedgwick denied his appeal by letter dated February 13, 2018. Sedgwick maintained that Latchford could engage in full-time work as a clerk or dispatcher. Latchford was told that if he disagreed with the decision his only remaining recourse was to file suit under §502(a) of ERISA.

12. Latchford has exhausted the pre-suit claims procedure required by the AT&T Plan and ERISA.

13. Not long after his appeal was denied, Latchford was awarded Social Security disability benefits without the need for a hearing. Social Security disability is only awarded to those individuals who the Social Security Administration finds to be disabled from any occupation. The Social Security decision was based upon the same medical evidence that Sedgwick reviewed before denying LTD benefits. Latchford's Social Security benefit is $966 per month.

## IV. CAUSES OF ACTION UNDER ERISA

**Benefit Claim**

14. Latchford brings this cause of action for LTD benefits under 29 U.S.C.A. §1132(a)(1)(B) of ERISA. The plan fiduciary, Sedgwick, abused its discretion in denying LTD benefits to Latchford. Latchford remains unable to perform the material and substantial duties of any full-time job.

## V. RELIEF REQUESTED

**Benefits**

15. Latchford is owed LTD benefits from September 12, 2017 to the present at the rate of 50% of his pre-disability pay, less his Social Security disability payment which is an offset under the plan. Latchford's pay prior to his disability was $21.88 per hour. Therefore, his benefit is $930.27 after the Social Security disability offset: $21.88 x 40=$875 per week; $875 x 52 = $45,510.40 annually; $45,510.40/12=$3792.53 per month; $3792.53/2=$1896.27 (his gross LTD benefit-50% of his pre-disability earnings); $1896.27-$966(Social Security

disability benefit)=$930.27).  As of January 12, 2019, Latchford is owed $14,884.32 ($930.27 x 16).

16.  In addition, Latchford prays for additional LTD benefits that accrue after January 12, 2019 at the rate of $930.27 per month.

## VI.  ATTORNEY'S FEES

17. Latchford prays for his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## PRAYER

Wherefore, premises considered, Latchford prays for LTD benefits as of January 12, 2019 in the amount of $14,884.32, LTD benefits that accrue after January 12, 2019 until the date of Judment at the rate of $930.27 per month, and for attorney's fees.  In addition, Latchford prays for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: ___/s/Jeffrey E. Dahl___
Jeffrey E. Dahl
State Bar No. 05310900
Attorney for Plaintiff Kris Latchford